DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| United States of America, | ) | |
|---|---|---|
| | ) | CASE NO. 1:06 CR 594 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| Marshay Wilson, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The defendant, with the assistance of the Office of the Federal Public Defender, has filed a motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). ECF 1458. The defendant was sentenced by the late Judge Ann Aldrich to a term of 96 months in prison and four years of supervised release. ECF 1072. His sentence was based on a sentencing guidelines range of 77 to 97 months at offense level 24 and with a criminal history category IV. Initially, the defendant was facing 120 months mandatory-minimum sentence. However, the defendant was able to pierce the mandatory-minimum sentence based on the government's Section 5K1.1 motion which resulted in a three-level downward departure. The defendant was found not be a career offender.

The defendant now seeks, by reason of the Fair Sentencing Amendment, a reduction of his sentence to 51 months based on the sentencing guidelines range of 51 to 63 months at offense level 20. Counsel for the defendant contends that the new offense level is based on the retroactive drug quantity table set forth in U.S.S.G. § 2D1.1. While counsel disagreed on the quantity of crack cocaine chargeable to the defendant, be it 102 grams or crack cocaine as

(1:06 CR 594)

claimed by the government or 50 grams of crack cocaine as contended by counsel for the defendant, the new base offense level is 26, less three levels for acceptance of responsibility, and an additional three level reduction for his substantial assistance, resulting in a net offense level of 20.  The criminal history category IV, coupled with the offense level 20, results in an amended guideline range of 51 to 63 months.

The Court is of the view that the recent decision in *United States v. Jackson*, 678 F.3d 442 (6th Cir. 2012) is controlling and the defendant is entitled to consideration for a reduction of his sentence.

Even though a defendant may qualify for a reduction in sentence under Section 3582(c)(2) and the applicable policy statements of the Commission, a reduction in sentence is not automatic.

A district court's discretion is set forth in Section 3582(c)(2) itself, which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant ... the court **may** reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.  (Emphasis added.)

In making its determination whether it will impose an amended sentence or retain the original sentence, "the court shall consider the factors set forth in 18 U. S. C. § 3553(a)." U.S.S.G. § 1B1.10 Appl.  Note 1(B)(i).  The court must also evaluate public safety concerns:

> Public Safety Consideration - The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of

2

(1:06 CR 594)

>   imprisonment in determining:
>
>   (I) whether such a reduction is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

U.S.S.G. § 1B1.10 Appl. Note 1(B)(ii). The court may, however, consider post-sentencing conduct:

>   Post-sentencing Conduct - The court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

U.S.S.G. § 1B1.10 Appl. Note 1(B)(iii). Whereas district court are required to evaluate public safety considerations, district courts may consider post-sentencing conduct and certainly are not required to grant a defendant's sentence reduction, as that decision is discretionary. 18 U.S.C. § 3582(c)(2); Usery, 109 F.3d at 1137.

The Court finds that the new sentencing range is 51 to 63 months. In support of the defendant's request for a sentencing reduction to 51 months, he has presented evidence of his efforts toward rehabilitation while incarcerated, as well as seven letters of support from the defendant's family and friends.

The Court has reviewed the presentence report for the defendant provided for Judge Aldrich. The defendant's criminal history starts at paragraph 40 of the presentence report and extends through paragraph 53. The defendant has adult convictions for aggravated assault, aggravated robbery and DWI. The Court notes that Judge Aldrich imposed the highest number of months on the sentencing range of 77 to 96 months. Against that background and in

3

(1:06 CR 594)

consideration of the defendant's prior criminal history as above described, the Court will publish a revised sentencing order reducing the defendant's sentence to a period of 63 months with supervised release for four years.

    IT IS SO ORDERED.

| | |
|---|---|
|  August 9, 2012 |  */s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |